This cause was heard upon the record in the trial court. Each error error assigned has been reviewed and the following disposition is made: made:
{¶ 1} Appellant, Thomas J. Lidge, appeals from a judgment entry of the Summit County Court of Common Pleas adjudicating him a sexual predator. We affirm.
 I. {¶ 2} On August 26, 2002, Appellant was indicted for three counts of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. According to the indictment, the rapes took place between September, 1998, and August, 2002. The victim was six years old when the offenses began. Appellant was 37 years old on the day of his sentencing.
 {¶ 3} Appellant initially pled not guilty to the charges; however, at a status hearing conducted on October 18, 2002, Appellant withdrew his plea of not guilty and pled guilty to two charges of the indictment. The remaining charge was dismissed. The trial court sentenced Appellant to two concurrent life sentences with the possibility of parole.
 {¶ 4} After sentencing, the trial court proceeded to take evidence to determine Appellant's status as a sexual predator. As indicators of the likelihood to re-offend, the prosecutor offered the age of the victim, the age of Appellant, the fact that the victim had contracted Herpes Simplex One virus as a result of the sexual conduct, and the fact that the victim alleged there were over one hundred incidents of sexual contact.
 {¶ 5} Appellant argued that many of the factors listed in R.C.2950.09 did not apply to his case: there are no prior felonies, crimes of violence, or sexually related crimes on his record; no threats or abuse were alleged, and; the charges involve only one victim. Therefore, Appellant claimed that the totality of the factors of R.C. 2950.09, as well as the fact that he has no prior sexually oriented convictions, indicate that he "can't be a habitual sexual offender."
 {¶ 6} Upon imposing the sentence, the trial court stated, "Because of the continuous nature of these acts over a period of about four years, the use of force, and the age of the victim, I do find you to be a sexual predator." The trial court stated in the judgment entry:
 "Upon consideration of the factors set forth in R.C. 2950.09(B)(2) and the evidence presented herein, the Court FINDS by clear and convincing evidence that the Defendant engaged in acts which indicate he is a Sexual Predator.
 "Pursuant to R.C. 2950.09(C), the Court therefore DETERMINES and ADJUDICATES that the Defendant is a Sexual Predator."
 {¶ 7} Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT A SEXUAL PREDATOR BY RELYING UPON INSUFFICIENT EVIDENCE WHICH FAILED TO MEET THE STATUTORY CRITERIA AS CONTAINED IN ORC 2950.09."
 {¶ 8} In his sole assignment of error, Appellant argues that the evidence was insufficient to meet the criteria of R.C. 2950.09, and therefore it was error for the trial court to find him to be a sexual predator.
 {¶ 9} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). "In making a determination *** as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's or delinquent child's age;
 "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender or delinquent child;
 "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B)(3).
 {¶ 11} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id.
 {¶ 12} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." State v.Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v.Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481.
 {¶ 13} A review of the record shows that the state presented evidence of the disparity in ages of the victim and Appellant. The state also offered the victim's statement of multiple occurrences of sexual contact, and the discovery of a sexually transmitted disease resulting from the contacts. Further, the trial court found that force had been used in perpetrating the offenses. Therefore, we cannot say that the state did not meet its burden of clear and convincing evidence. The evidence presented at the hearing is adequate to produce a firm belief or conviction that Appellant is likely to commit one or more future sexually oriented offenses. Accordingly, Appellant's assignment of error is overruled.
 III. {¶ 14} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, J. and WHITMORE, J. CONCUR.